IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORDAN SILVA,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-1784** |
| | : | |
| **CHERYL STEBERGER,** *et al.* | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 7th day of August, 2023, upon consideration of Plaintiff Jordan Silva's Motion to Proceed *In Forma Pauperis* (DI 1), his Prisoner Trust Fund Account Statement (DI 3), and his pro se complaint (DI 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Jordan Silva, # 2016-0000024, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. We direct the Warden of Lancaster County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Silva's inmate account; or (b) the average monthly balance in Mr. Silva's inmate account for the six-month period immediately preceding the filing of this case. The Warden of Lancaster County Prison or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Silva's inmate trust fund account exceeds $10.00, the Warden of Lancaster County Prison or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Silva's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

    3.     The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of Lancaster County Prison.

    4.     The Complaint is **DEEMED** filed.

    5.     The Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the accompanying memorandum. as follows:

          a.     All § 1983 claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and

          b.     All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

    6.     Mr. Silva may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mr. Silva's claims against each defendant.  The amended complaint must also provide as much identifying information for the defendants as possible.  Mr. Silva may refer to a defendant by last name only if that is the only identifying information possessed.  If Mr. Silva wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1]  The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Mr. Silva should be mindful of our reasons for dismissing the claims in his initial complaint as explained in our memorandum.  Upon the

---

[1] Without the name of at least one individual or entity, however, we may be unable to direct service of any amended complaint that Mr. Silva may file.

filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Mr. Silva a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mr. Silva may use this form to file his amended complaint if he chooses to do so.[2]

8. If Mr. Silva does not wish to amend his complaint and instead intends to stand on his complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Mr. Silva fails to file any response to this Order, we will conclude that

---

[2] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

Mr. Silva intends to stand on his complaint and will issue a final order dismissing this case.[3]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

          /s/ *John F. Murphy*
          **MURPHY, J.**

---

[3] The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) (citing cases) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible.").